IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                        CRIMINAL NO. 15-50009

STEVEN A. SMITH                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se motion filed by the Defendant, in which he seeks "time credit" (Doc. 34).  Specifically, Defendant seeks ten months "time credit" for time he spent in state custody.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP").  Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served.  Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Eastern District of Arkansas), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.  See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).  Defendant does not indicate that he has exhausted his administrative remedies within the BOP.  Accordingly, he is not entitled to review of his entitlement to jail time credit at this time.

Based on the foregoing, the undersigned  recommends denying Defendant's motion (Doc. 34) without prejudice to Defendant  filing a § 2241 petition in the appropriate district after he has exhausted his BOP administrative remedies.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 12th day of May, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE